In re PRINDIBLE.

No. 9816.

District Court, M. D. Pennsylvania.

Feb. 21, 1940.

512

Leland W. Walker, of Somerset, Pa., for petitioner.

Clair Groover, of Lewisburg, Pa., for trustee.

JOHNSON, District Judge.

The pertinent facts in this proceeding are the following: On July 24, 1939, the trustee filed his first and final account. Immediately thereafter the referee mailed proper notices to all parties that a meeting of creditors would be held August 5, 1939, to consider the trustee's account, and that the same would be confirmed if no objections were filed. On August 5, 1939, the receiver of the First National Bank of Patton, Pennsylvania, by his attorney, filed certain alleged exceptions to the trustee's first and final account, and also dictated certain matter to the referee, which latter amounted substantially to a petition to amend an unsecured claim so as to file it as a secured claim. The referee found that the alleged exceptions in fact were not

exceptions to any item in the trustee's account, and on November 10, 1939, he made an order dismissing the alleged exceptions and confirming the trustee's account absolutely. On November 18, 1939, there was filed with the referee a paper labeled "Petition for Review or Appeal from the Order of Distribution entered November 10, 1939", and assigning certain errors in the making of said order of November 10, 1939. Argument was had in open court on January 15, 1940, when the attorney for the trustee presented a motion to quash the petition for review or appeal. The petition and the motion to quash will be considered in that order.

After a careful study of all the facts the court is of the opinion that there have been no exceptions filed to the trustee's first and final account, and that therefore the learned referee was correct in confirming the account absolutely.

The trustee's account as filed and as reported on notices sent to creditors, indicated administrative expenses in the sum of $3,556.50, and reports a balance of $29,200 for distribution. The receiver for the First National Bank of Patton, Pennsylvania, has not alleged that any of the administrative items are either illegal or excessive in amount, and these are the only arguments which could be advanced in opposing confirmation of the trustee's account. The receiver's complaints are directed toward the manner of distributing the remaining $29,200, and the time is not yet ripe to present objections to that distribution. Such objections should be made at the meeting on distribution, which will be held after the trustee's account is finally confirmed.

Further it will be noticed that the petition of the receiver is to review the "order of distribution" made November 10, 1939. The petition and the form of the exceptions indicate that what is being objected to is the proposed distribution, and not the trustee's account. There has yet been no order of distribution made, and when it is made the trustee will have nothing to do with the manner of distribution. That is for the referee. In brief, the receiver here is objecting to an order which he believes will be made, but which in fact has not been made. It is obvious, therefore, that his objections are premature. This being the case, the merit of the objections or exceptions need not now be con-

sidered. The account must be confirmed and the alleged exceptions dismissed.

In view of the above discussion, the motion of the trustee to quash the petition for review or appeal will be granted for the reasons that no exceptions were filed to any of the charges for fees or expenses made by the trustee, as being improper or excessive, that petitioner does not except to any specific item in the trustee's final account, and that, therefore, the referee was not in error in making his order of November 10, 1939, absolutely confirming the trustee's account. Therefore it is

Ordered, that the petition for review or appeal be, and the same is hereby, dismissed, and the trustee's account be, and the same is hereby, approved as confirmed by the referee. It is further

Ordered that the motion of the trustee to quash said petition be, and the same is hereby, granted, and the petition quashed.